**Guy Harding DAVIDSON, Appellant,**

v.

**Romaine Adele Lyons DAVIDSON, Appellee.**

**No. 16194.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1973.

Leslie H. Thacker, Houston, for appellant.

W. C. Shead, Houston, for appellee.

PEDEN, Justice.

Child support matter subsequent to divorce. The father appeals from an order entered on March 19, 1973 requiring him to make, in addition to previously ordered support payments, weekly payments of $10 until he has liquidated his arrearage of $6,930.

The parties were divorced in 1963. Four children had been born of the marriage. Custody of the children was awarded to Mrs. Davidson, and Mr. Davidson was ordered to pay $50 per week for their support. This amount was later modified.

It is undisputed that on March 19, 1973 two of the four children were over the age of 18.

Appellant's first point of error is that the trial court erred in ordering Mr. Davidson to pay $10 per week on accrued unpaid installments of child support because the trial court had no jurisdiction to enter such order.

Appellant argues that Article 4639a, Vernon's Texas Civil Statutes, gives the trial court jurisdiction to order payments for support until a child reaches age eighteen, but then the court loses that jurisdiction.

The Texas Supreme Court stated in Ex parte Hooks, 415 S.W.2d 166 (1967):

"Article 4639a, V.C.S., is the source of the judicial authority to make judgments

concerning child support. The pertinent provisions of the statute are:

" ' * * * The court may by judgment order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, and such court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, * * *.'

"The statute is in two parts. The first part empowers the court to order periodical payments until the child reaches eighteen. The enforcement provision immediately follows the grant of powers to order the support. The statute limits orders for support to the pre-eighteen period; the enforcement provision, however, contains no such limitation. Instead, the statute states that the court shall have 'full power and authority to enforce said judgments. * * *.' "

We overrule appellant's first point. The trial court's order entered on March 19, 1973 was in the nature of an enforcement provision. It did not order the appellant to pay an additional amount for child support; it permitted him to reduce his arrearage by making periodic payments instead of punishing him for contempt for being $6,930 in arrears.

█ Appellant's second point of error is that the trial court erred in ordering such payments of $10 per week on the arrearage when the appellee had only paid $895 over a nine year period to the state school where she had placed a retarded child of this marriage in 1964.

We find no merit in this point of error. In deciding how the appellant would be allowed to pay the arrearage which had ac-

cumulated over the years, a trial judge is not required to consider the size of the payments made by the appellee to the State of Texas for maintenance of a retarded child. And even if this had been a proper matter for consideration by the trial judge, we cannot say his ruling constituted reversible error because we have no statement of facts before us and are unable to determine the circumstances of the matter.

It would seem logical that appellant's failure to provide child support as ordered may have caused or contributed to appellee's inability to pay more to the State.

Affirmed.